IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Milan Knox,<br><br>     Plaintiff,<br><br>v.<br><br>Officer T. Byrne and Detective Tony Curtis,<br><br>     Defendants. | Case No. 1:14-cv-07273<br><br>Honorable Ruben Castillo<br><br>**Jury Trial Demanded** |

## SECOND AMENDED COMPLAINT

Milan Knox, by his attorneys, Seyfarth Shaw LLP, alleges as follows:

### SUMMARY OF THE ACTION

1. Knox brings this action against Defendants T. Byrne and Tony Curtis, pursuant to 42 U.S.C. § 1983, for arrest without probable cause, which violated his rights under the Fourth Amendment of the United States Constitution.

### JURISDICTION AND VENUE

2. Jurisdiction lies with this Court under 28 U.S.C. § 1331 and § 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to Knox's claims occurred in the Northern District of Illinois and at least one of the Defendants resides here.

### PARTIES

4. Milan Knox is a resident of Sauk Village, Illinois, currently detained at the Cook County Jail. Knox was not detained when the events giving rise to this Complaint occurred.

5. Defendant T. Byrne is a Deputy Sheriff with the Cook County Sheriff's Department.

19245740v.5

6. Defendant Tony Curtis is a Detective with the Lansing Police Department.

7. At all times relevant to this Complaint, all Defendants acted under color of state law.

## FACTS

**Background Information: The Car Accident**

8. On October 2, 2009, Plaintiff Milan Knox was involved in an automobile accident in Sauk Village, IL.

9. Todd Lenting, then 22 years old, of Lynwood, Illinois, was the driver of the other vehicle involved in the accident.

10. Lenting's passenger was Jaclyn M. Vallow, then 18, of Hazel Crest, Illinois. Jaclyn Vallow is now known as Jaclyn Lenting.

11. Following the accident, Knox was charged with driving under the influence. This charge is still pending.

12. Over four years after the car accident, on November 13, 2013, the lawyer representing Todd Lenting's insurance company sent a letter to Knox alleging that Knox was at fault for the accident.

13. On January 23, 2014 Knox's insurance company responded with its determination that Lenting had been at fault for failing to stop at a red light.

14. On September 23, 2014, while Knox was detained in the Cook County Jail, Lenting's insurance company, acting as Lenting's subrogee, sued Knox for damage arising from the accident.

15. This suit was dismissed with prejudice on December 1, 2014.

**Background Information: Harassment After the Car Accident**

16. Upon information and belief, Thomas Vallow, a relative of Jaclyn Lenting, is a lieutenant with the East Hazel Crest Fire Department.

17. On or about January 8, 2014, Defendant Curtis came to Plaintiff's home along with an individual who appeared to be dressed as a firefighter.

18. While outside Plaintiff's home, Defendant Curtis uttered racial slurs directed at Plaintiff and tried to get Plaintiff to come outside.

19. On or about January 13, 2014, Defendant Curtis went to the home of Plaintiff's niece and threatened that Plaintiff would not make his next court date.

20. On February 12, 2014, Defendant Curtis sent a text message to Plaintiff threatening to arrest him for his "lack of cooperation in this matter."

21. The callback telephone number in the message is Defendant Curtis's telephone number at the Lansing Police Department.

**The Arrest**

22. On February 18, 2014, at approximately 9:15 A.M., Plaintiff was present at the Markham courthouse for a hearing in his DUI case when he encountered Defendant Byrne.

23. Defendant Byrne approached Plaintiff and informed him that he was under arrest. Defendant Byrne then handcuffed Plaintiff and escorted him out of the building to where Defendant Curtis was waiting.

24. At the time of the arrest, Defendant Byrne did not have a warrant for Knox's arrest. When Knox asked Defendant Byrne if he had a warrant, Defendant Byrne responded that he did not need one.

3

25. At no time at or before the time of the arrest did Defendant Byrne observe Knox commit a crime. At no time at or before the time of the arrest did Defendant Byrne have any knowledge that Knox had committed a crime.

26. Once outside, Defendant Byrne removed the handcuffs from Knox and turned him over to Defendant Curtis.

27. Defendant Curtis then handcuffed Knox.

28. Defendant Curtis did not have a warrant for Knox's arrest.

29. When Plaintiff asked whether Defendant Curtis had a warrant, Defendant Curtis responded that he did not need one and could do what he wanted.

30. At no time at or before the time of the arrest did Defendant Curtis observe Knox commit a crime. At no time at or before the time of the arrest did Defendant Curtis have any knowledge that Knox had committed a crime.

31. Defendant Curtis repeatedly harassed Knox prior to the arrest and arrested Knox for the purpose of perpetuating the harassment.

32. Defendant Byrne arrested Knox at the behest of Defendant Curtis as part of the ongoing harassment.

33. After Plaintiff was arrested, he was taken to the Lansing Police Station where he complained of chest pains.

34. Plaintiff was then transported to the hospital, treated for the chest pains, and transported back to the police station.

35. Although Knox was not in custody prior to the arrest, he has remained incarcerated since that time.

**Lack of Probable Cause**

36. On February 19, 2014, the day after he arrested Knox, Defendant Curtis signed a criminal complaint alleging that, over a month and a half earlier on January 2, 2014, Knox had unlawfully communicated with Jaclyn Lenting (in her capacity as a potential witness) regarding the pending DUI charge.

37. The complaint alleged that the offense occurred at 3525 Ridge Road, Lansing, IL.

38. Upon information and belief, 3525 Ridge Road contains a commercial building and multi-family residence.

39. Neither Plaintiff nor Jaclyn Lenting lives at 3525 Ridge Road.

40. Plaintiff was not present at 3525 Ridge Road on or about January 2, 2014.

41. In the six-week period between the alleged offense and the arrest, Defendant Curtis never obtained an arrest warrant alleging unlawful communication with a witness.

42. On March 18, 2014, Plaintiff was indicted on the charge, with Defendant Curtis as the only witness.

43. Knox never contacted Jaclyn Lenting regarding his the traffic accident or any matters arising from it, including, but not limited to, his DUI charge.

44. At the time that they arrested Knox, Defendants knew that Knox had never contacted Jaclyn Lenting.

45. At the time of the arrest on February 18, 2014, Defendants had no knowledge of the content of any communication between Plaintiff and Jaclyn Lenting.

46. At the time of the arrest Defendants had no knowledge of Plaintiff's intent in making any communication with Jaclyn Lenting.

## CLAIMS

### Count I: 42 U.S.C. § 1983
### Fourth Amendment - Arrest Without Probable Cause

5

47. Each of the foregoing paragraphs is incorporated as if fully restated herein.

48. Defendants arrested Plaintiff without a warrant.

49. At the time of the arrest, Defendants lacked probable cause to believe that Plaintiff had committed any crime.

50. Despite knowing that they had no legitimate basis for arresting Plaintiff, Defendants did so anyway for the sole purpose of harassing him and violating his civil rights.

51. Plaintiff's arrest therefore violated his rights under the Fourth Amendment of the United States Constitution.

52. As a direct result of this unconstitutional conduct Plaintiff has suffered damages, including a deprivation of his freedom and physical and emotional harm.

WHEREFORE, Plaintiff asks this Court to enter a judgment in his favor on all claims and award the following relief:

(a) compensatory damages for the deprivation of liberty, pain, and suffering caused by the Defendants' violations of Plaintiff's rights;

(b) punitive damages to sanction the Defendants' knowing arrest without probable cause and to deter others from engaging in similar conduct;

(d) attorneys' fees under 42 U.S.C. § 1988; and

(e) any other relief which this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims.

19245740v.5

**DATED: April 1, 2015**  Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　Milan Knox


　　　　　　　　　　　　　　　　　　　　By:  /s/ *Pamela Q. Devata*
　　　　　　　　　　　　　　　　　　　　　　　One of His Attorneys

Pamela Q. Devata
Uma Chandrasekaran
Alexis Robertson
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:　(312) 460-5000
Facsimile:　(312) 460-7000